**IN THE COURT OF APPEALS OF IOWA**

No. 23-1701
Filed January 10, 2024

**IN THE INTEREST OF M.B., A.B., and N.B.,**
**Minor Children,**

**S.P., Father,**
        **Appellant.**
_____

Appeal from the Iowa District Court for Clinton County, Kimberly Shepherd,

District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Jennifer Margret Triner Olsen, Davenport, for appellant father.

Brenna Bird, Attorney General, and Dion D. Trowers, Assistant Attorney

General, for appellee State.

Barbara Maness, Davenport, attorney and guardian ad litem for minor

children.

Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

The father of A.B. and N.B. appeals the order terminating his parental rights.[1]  He challenges each of the three steps in the termination analysis under Iowa Code chapter 232 (2023).  *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) ("Termination of parental rights under chapter 232 follows a three-step analysis."). He also asks for more time.  Because the evidence supports termination, we affirm.

We begin our analysis by determining whether a ground for termination exists under section 232.116(1).  *Id.*  The juvenile court terminated the father's parental rights under section 232.116(1)(d), (e), and (h), but the father only challenges termination under section 232.116(1)(e).  Because the father does not dispute there is clear and convincing evidence showing the grounds for termination under section 232.116(1)(d) and (h), we may affirm on those grounds without further discussion.  *See id.* at 707 (noting that "we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence"); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (stating that "we do not have to discuss [the first step]" when a parent fails to dispute the existence of all grounds for termination under section 232.116(1)).

Because the father does not challenge all grounds for termination relied on by the juvenile court, we move to the second step of the termination analysis and "apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights."  *D.W.*, 791 N.W.2d at 706–07.  We must "give primary consideration to 'the child's safety,

---

[1] The mother of M.B., A.B., and N.B. also appealed the termination of her parental rights, but the supreme court dismissed her appeal as untimely.

. . . the best placement for furthering the long-term nurturing and growth of the child, and . . . the physical, mental, and emotional condition and needs of the child." *Id.* at 708 (alterations in original) (quoting Iowa Code § 232.116(2)).

We agree with the juvenile court's determination that termination is in the children's best interests. The children came to the attention of the Iowa Department of Health and Human Services after testing positive for methamphetamine at birth in October 2021. Days later, the juvenile court removed the children from the parents' custody. The court returned the children home in December 2022, but the parents' ability to provide stability was short-lived; the court removed the children less than one month later based in part on the father relapsing in his methamphetamine use. By the August 2023 termination hearing, almost two years after these proceedings began, the father was still unable to resume care for the children. In the termination ruling, the court noted at length the specific needs these children have and the upheaval they have endured. We agree with the juvenile court that the children "cannot wait any longer for their parents to fully address their mental health, substance abuse, and relationship concerns, and to guarantee safety and stability for these children." Clear and convincing evidence shows termination is in the children's best interests. *See In re C.S.,* 776 N.W.2d 297, 300 (Iowa Ct. App. 2009) (recognizing that "at some point, the rights and needs of the children rise above the rights and needs of the parent")

Having determined that termination is in the children's best interests, we move to the third step of the termination analysis and "consider if any statutory exceptions set out in section 232.116(3) should serve to preclude termination of

parental rights." *D.W.*, 791 N.W.2d at 707. The father claims there is clear and convincing evidence of the ground stated in section 232.116(3)(c): that termination will hurt the children because of the closeness of the parent-child relationship. As the parent resisting termination, the father bears the burden of proving section 232.116(3)(c) applies. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). Even if the father meets this burden, we note that the decision to avoid termination under section 232.116(3) is "permissive, not mandatory." *Id.* at 475. But considering that the father failed to attend visits with the children consistently and provided, at most, one month of day-to-day care for these children in the two years since they were born, we cannot find that termination will harm the children.

The father wants more time. Under Iowa Code section 232.104(2)(b), the court can continue a child's placement for six months if doing so will eliminate the need for the child's removal. But before doing so, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). On the record before us, we cannot find that giving the father more time will change the outcome. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) ("[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)). It will, however, delay the permanency these children require.

We affirm the termination of the father's parental rights.

**AFFIRMED.**